UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

APTARGROUP, INC. and APTAR FRANCE SAS,

      Plaintiffs,

      v.

ARS PHARMACEUTICALS, INC. and ARS PHARMACEUTICALS OPERATIONS, INC.

      Defendants.

Civil Action No. 1:25-cv-02545-DEH-SLC

JURY TRIAL DEMANDED

## AMENDED PROTECTIVE ORDER

The Court, having reviewed the proposed Amended Protective Order filed by Plaintiffs AptarGroup, Inc. and Aptar France SAS (collectively "Aptar") and Defendants ARS Pharmaceuticals, Inc. and ARS Pharmaceuticals Operations, Inc. (collectively "ARS"), and good cause appearing therefor, hereby ORDERS as follows:

1.      Any information or material produced by any party or non-party as part of discovery in this litigation may be designated by such party or non-party as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" pursuant to the terms of this Amended Protective Order.

2.      As used herein, "outside counsel of record" shall mean: Akin Gump Strauss Hauer & Feld LLP for Aptar and Cooley LLP for ARS. As used herein, "Silgan's outside counsel" shall mean: McGuireWoods LLP.

3.      As a general guideline, information or material designated *"Confidential"* shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must

1

be protected against disclosure to non-parties. Examples of such information or material include material that a party reasonably and in good faith believes to contain or to disclose information that the party, in the ordinary course of business, does not or would not disclose publicly, or information that a party is under a preexisting obligation to maintain confidential. Absent a specific order by this Court, once designated "*Confidential*," such designated information shall be used by recipients authorized by this Protective Order solely in connection with this litigation and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

4.    As a further general guideline, information or material designated *"Highly Confidential – Attorneys' Eyes Only"* shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or non-party holding the proprietary rights thereto, and that must be protected from disclosure. Examples of such information or material include the following: trade secrets, confidential technical or business information, confidential design documents, technical practices, methods and other know-how, marketing plans, business plans, non-public devices, product profit data and other projections, financial information, business strategy, confidential agreements or relationships with non-parties, and material that a party is under a pre-existing obligation to a non-party to treat as such. Absent a specific order by this Court, once designated "*Highly Confidential – Attorneys' Eyes Only*," such designated information shall be used by recipients authorized by this Protective Order solely in connection with this litigation and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

5.      As a further general guideline, information or material designated "***Highly Confidential – Outside Counsel's Eyes Only***" shall be those things of a proprietary business or technical nature that would cause competitive harm to the parties, such as the parties' financial projections, other products not at issue in the Action, future product development, or information or material that would otherwise qualify as "Highly Confidential – Attorneys' Eyes Only" above if it also relates to a non-party, such as Silgan Dispensing Systems ("Silgan").  Absent a specific order by this Court, once designated "***Highly Confidential – Outside Counsel's Eyes Only***," such designated information shall be used by recipients authorized by this Protective Order solely in connection with this litigation and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

6.      The designation of information or material as "***Confidential***," "***Highly Confidential – Attorneys' Eyes Only***," or "***Highly Confidential – Outside Counsel's Eyes Only***" for purposes of this Amended Protective Order shall be made in the following manner by the party or non-party seeking protection:

a)      in the case of documents, exhibits, written discovery responses, or other material (apart from depositions or other pretrial or trial testimony): by affixing the legend "***Confidential***," "***Highly Confidential – Attorneys' Eyes Only***," or "***Highly Confidential – Outside Counsel's Eyes Only***" as appropriate, to each page of the document, exhibit, written discovery response, or other material containing any confidential information or material at the time that such documents are produced or such information is disclosed, or as soon thereafter as the producing party or non-party seeking protection notifies the receiving party of the confidential nature of the information or material disclosed and sought to be protected hereunder.

b)      in the case of briefs, letters, or other documents filed in court: by affixing the legend "*Contains Confidential*," "*Contains Highly Confidential – Attorneys' Eyes Only*," or "*Contains Highly Confidential – Outside Counsel's Eyes Only*" as appropriate, to the first page of the brief, letter, or other document, and filing under seal as appropriate according to Paragraph 15.

c)      in the case of documents produced in native format, by including "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" on an accompanying place holder image pursuant to the parties' stipulated Agreement and Order Regarding Discovery of Electronically Stored Information.

d)      in the case of things, by affixing the legend "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*," as the case may be, to packaging in which the thing is contained or other, similarly prominent means of designation.

e)      in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*," as the case may be, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fourteen (14) days after receipt of a final transcript of the deposition.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Amended Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony given is deemed "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes*

*Only*."    The parties shall treat all deposition and other pretrial and trial testimony as "*Highly Confidential – Outside Counsel's Eyes Only*" hereunder until the expiration of fourteen (14) days after receipt of the final transcript of the testimony.  Unless so designated, any confidentiality is waived after the expiration of the fourteen-day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.    If any document or information designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Amended Protective Order.

f)       with respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*," and any representative of a party (or any other person) is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*," as the case may be, occurs.

7.       Information or material designated "*Confidential*," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a)        the author, addressee, or any person who lawfully received or viewed a copy of the document or information prior to its production in this lawsuit;

b)        employee(s) of each party who already knew of or had access to such information prior to the commencement of this litigation;

c)        the parties' respective in-house counsel and outside counsel of record in this litigation, including secretarial, paralegal, clerical, duplicating and data processing personnel of such counsel;

d)        employees of each party who are assisting in the prosecution or defense of this lawsuit or making decisions concerning this lawsuit, to the extent deemed reasonably necessary by counsel of record, subject to and conditioned upon compliance with Paragraph 11 herein;

e)        experts as defined in Paragraph 10 herein and conditioned upon compliance with Paragraph 12 herein;

f)        the Court and those employed by the Court;

g)        court reporters and employees of court reporters engaged in connection with this litigation to record and to transcribe testimony in this litigation who have contractually agreed to be bound by and comply with this Amended Protective Order, and any outside copy services who have contractually agreed to be bound by and comply with this Amended Protective Order;

h)        non-party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties

6

in relation to a computerized litigation support system, who have contractually agreed to be bound by and comply with this Amended Protective Order;

i)       non-technical jury or trial consulting services retained by outside counsel of record for a party, subject to and conditioned upon compliance with Paragraph 11 herein; and

j)       any other person, including any mediator or arbitrator, only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

8.       Information or material designated "***Highly Confidential – Attorneys' Eyes Only***," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a)       the parties' respective outside counsel of record in this litigation, including secretarial, paralegal, clerical, duplicating and data processing personnel of such outside counsel;

b)       the parties' in-house counsel in this matter named below, who are reasonably necessary for this litigation, subject to and conditioned upon compliance with Paragraph 11 herein:

 i.  Aptar: Steve Naughton, VP, Global Litigation & Compliance
 ii.  ARS: Alex Fitzpatrick, Chief Legal Officer

c)       the author, addressee, or any person who lawfully received or viewed a copy of the document or information prior to its production in this lawsuit;

d)       experts as defined in Paragraph 10 herein, subject to and conditioned upon compliance with Paragraph 12 herein;

e)       the Court and those employed by the Court;

7

f)      court reporters and employees of court reporters engaged in connection with this litigation to record and transcribe testimony in this litigation who have contractually agreed to be bound by and comply with this Amended Protective Order, and any outside copy services who have contractually agreed to be bound by and comply with this Amended Protective Order;

g)      non-party contractors, including their employees and agents, involved solely in one or more aspects of design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, who have contractually agreed to be bound by and comply with this Amended Protective Order;

h)      non-technical jury or trial consulting services retained by outside counsel of record for a party, subject to and conditioned upon compliance with Paragraph 11 herein; and

i)      any other person, including any mediator or arbitrator, only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

9.      Information or material designated "***Highly Confidential – Outside Counsel's Eyes Only***," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a)      the parties' respective outside counsel of record in this litigation, including secretarial, paralegal, clerical, duplicating and data processing personnel of such outside counsel;

b)      the author, addressee, or any person who lawfully received or viewed a copy of the document or information prior to its production in this lawsuit;

c)      experts as defined in Paragraph 10 herein, subject to and conditioned upon compliance with Paragraph 12 herein;

d)      the Court and those employed by the Court;

e)      court reporters and employees of court reporters engaged in connection with this litigation to record and transcribe testimony in this litigation who have contractually agreed to be bound by and comply with this Amended Protective Order, and any outside copy services who have contractually agreed to be bound by and comply with this Amended Protective Order;

f)      non-party contractors, including their employees and agents, involved solely in one or more aspects of design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, who have contractually agreed to be bound by and comply with this Amended Protective Order;

g)      non-technical jury or trial consulting services retained by outside counsel of record for a party, subject to and conditioned upon compliance with Paragraph 11 herein;

h)      Silgan's outside counsel, including secretarial, paralegal, clerical, duplicating and data processing personnel of such outside counsel, only if such information or material contains Silgan's confidential information and is designated "***Highly Confidential – Outside Counsel's Eyes Only***" in this Action, subject to and conditioned upon compliance with Paragraph 13 herein; and

i)      any other person, including any mediator or arbitrator, only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

10.    For purposes of Paragraphs 7(e), 8(d) and 9(c) herein, an "expert" shall be defined as a person who is retained or employed as a consulting expert or testifying expert for purposes of this litigation, whether full or part time, by or at the direction of outside counsel of record for a party, who is not a past or current employee of a party.

11.    All persons under Paragraphs 7(d), 7(i), 7(j), 8(b), 8(h), 8(i), 9(g) and 9(i) above may be given access to information or material designated as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," and/or "*Highly Confidential – Outside Counsel's Eyes Only*" provided that they first confirm their understanding and agreement to abide by the terms of this Amended Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

12.    All persons under Paragraphs 7(e), 8(d) and 9(c) above may be given access to information or material designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," and/or "*Highly Confidential – Outside Counsel's Eyes Only*" as the case may be, only after (i) they confirm their understanding and agreement to abide by the terms of this Amended Protective Order by completing and signing a copy of the undertaking (Exhibit A); and (ii) outside counsel of record for the party seeking to disclose such material provides advance written notice and a copy of an executed Exhibit A to the producing party prior to any disclosure to such persons, so that the producing party may exercise its right to object. Such written notice shall set forth the individual's name, present residence address, business address, employer, job title, and any past or present association with any party. Additionally, a copy of that individual's curriculum vitae listing all matters in which the expert was retained as a testifying expert in the past four (4) years shall also be attached to such written notice. If the producing party, within five (5) business days of its receipt of a written notice provided in accordance with this Paragraph 12 objects in writing, served

by any permitted service method to outside counsel of record for the party seeking to disclose such material, to an individual seeking access to such information or material, then that individual shall be barred from such access for a fourteen (14) calendar day period commencing with the receipt by the producing party of the written notice. If within that fourteen-calendar-day period (i) the parties are unable to resolve the objection and (ii) the opposing party moves for a further protective order, then the information and material shall not be provided to said individual except by further order of the Court.

13.     All persons under Paragraph 9(h) above may be given access to information or material produced by ARS and designated by ARS as "*Highly Confidential – Outside Counsel's Eyes Only*" only after (i) Silgan's outside counsel (excluding secretarial, paralegal, clerical, duplicating and data processing personnel of such outside counsel, whose compliance with the Amended Protective Order will be supervised and ensured by Silgan's outside counsel) confirms their understanding and agreement to abide by the terms of this Amended Protective Order by completing and signing a copy of the undertaking (Exhibit A); and (ii) ARS's outside counsel of record provides advance written notice and a copy of an executed Exhibit A to Aptar's outside counsel of record prior to any disclosure to such persons.

14.     Notwithstanding Paragraphs 7, 8 and 9 herein, material designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" also may be shown at a deposition to non-party witnesses and to their respective counsel, and they may be marked as exhibits to depositions, provided that both of the following two conditions are satisfied:

a)     Material designated "*Confidential*" or "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*" shall not be attached to any

11

copies of deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants authorized to receive such material under Paragraphs 10-12 of this Order), and neither the witness nor the witness's counsel shall retain any copies thereof upon conclusion of the deposition; and

b) For material designated "*Confidential*" or "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*," disclosure shall be permitted only if the non-party witness is a person who authored or received the designated material prior to the commencement of this litigation, or an individual retained pursuant to the terms of Paragraphs 10-12.

15. Any party or person filing with this Court material subject to this Order that has been designated as "*Confidential*" or "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*," including pleadings, motions, briefs, interrogatory responses, responses to requests for admission, transcripts, or depositions, shall file a motion to seal, restrict access to, or otherwise file and/or lodge those papers in manner that is consistent with the Federal Rules of Civil Procedure and Judge Dale E. Ho's Individual Rules and Practices in Civil Cases.

16. No party shall be obligated to challenge the propriety of the designation of any material as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*," and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

17.    A party may challenge another party's designation of information or material produced herein as "***Confidential***," "***Highly Confidential – Attorneys' Eyes Only***," or "***Highly Confidential – Outside Counsel's Eyes Only***" by serving a written objection upon the producing party using any permitted means of service.  The producing party shall notify the challenging party in writing of the bases for the asserted designation within fifteen (15) business days after receiving any written objection.  The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation.  If the parties are unable to reach an agreement regarding the designation, then the challenging party may make an appropriate application to this Court, with ***Confidential***, ***Highly Confidential – Attorneys' Eyes Only***, or ***Highly Confidential – Outside Counsel's Eyes Only*** portions thereof to be kept under seal as appropriate under Paragraph 15, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Amended Protective Order or downgraded in terms of the degree of protection provided. On any motion challenging the asserted designation of any material or information, the burden of proof shall lie with the producing party to establish that the material is, in fact, properly designated "***Confidential***," "***Highly Confidential – Attorneys' Eyes Only***," or "***Highly Confidential – Outside Counsel's Eyes Only***."  Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or material in question as if the asserted designation is valid.  The deadlines set forth in this Paragraph may be extended by agreement between the Parties and reasonable requests for an extension shall not be refused.

18.    All "***Confidential***," "***Highly Confidential – Attorneys' Eyes Only***," or "***Highly Confidential – Outside Counsel's Eyes Only***" information and material covered by this Amended

Protective Order shall be kept secured, and access shall be permitted only to those designated persons set forth in Paragraphs 7, 8 and 9 above as persons properly having access thereto.

19.     All persons who have access to information or material designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" under this Amended Protective Order acknowledge that they are bound by this Order and that they submit to the jurisdiction of this Court for purposes of enforcing this Order.

20.     Entering into, agreeing to, and/or producing or receiving information or material designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*," or otherwise complying with the terms of this Amended Protective Order shall not:

a)     operate as an admission by any party that any particular information or material designated as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" contains or reflects trade secret or any other type of protectable information;

b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*";

c)     prejudice in any way the rights of the parties to object to the production of documents that they consider not subject to discovery;

d)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Amended Protective Order;

14

e)        prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Amended Protective Order;

f)        prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

g)        prejudice in any way the rights of a party to make a showing that information or material of proprietary or competitive value, but which is not specifically included in the categories of "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*" information or material itemized in Paragraphs 4 or 5 above, is properly designated "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*"; or

h)        prevent the parties to this Amended Protective Order from agreeing in writing or on the record during a deposition or hearing in this litigation to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

21.      This Amended Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  For the avoidance of doubt, subject to and conditioned upon compliance with Paragraph 13 herein, ARS may share with Silgan's outside counsel documents containing Aptar's information only if: (i) ARS has already produced those documents to Aptar in this Action and (ii) those documents contain intermingled information pertaining to both Silgan and Aptar.  ARS shall not share any documents produced by Aptar in this Action with Silgan's outside counsel.

22.      If information in the possession or control of a party is subject to a confidentiality agreement with a non-party, or if its disclosure would violate a protective order issued in another

litigation, then the party with possession or control of the information shall attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, then the party shall notify the party seeking discovery of: (i) the existence of the information without producing such information; and (ii) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). Unless the parties agree otherwise, the party seeking discovery may then make further application to the non-party or seek other means to obtain such information. This provision shall not prejudice the ability of any party to seek, or the Court to compel, the production of such information.

23. To the extent consistent with applicable law, the disclosure of "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" information that should have been designated as such, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim that it is "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" information. Such disclosure may be rectified by notifying in writing counsel for all parties to whom the information was disclosed that the information should have been designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" within a reasonable time from discovery of the error. As soon as the receiving party is notified of the production, the information must be treated as if it had been timely designated under this Amended Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document that it distributed or disclosed to persons not authorized to access such information by Paragraphs 7, 8 or 9 above,

16

as well as any copies made by such persons and must discontinue any impermissible use of the information.

24.    Pursuant to Federal Rule of Evidence 502(d), the production of any documents, ESI or information in this Action shall not, for the purposes of this Action or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply. Nothing in this Order shall require production of material that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity (collectively, "Privileged Information").  If Privileged Information is produced, then such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.  Any party that produces Privileged Information may obtain the return of that material by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity.  Within ten (10) business days of receiving such notice, the recipient(s) shall gather and return all copies of such produced Privileged Information to the producing party or shall certify to the producing party that such copies have been destroyed and/or deleted.  Notwithstanding this provision, outside litigation counsel of record are not required to delete produced Privileged Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, provided that such produced Privileged Information is not used for any other purpose following counsel's receipt of the producing party's notice that the Privileged

Information should not have been produced. Any information retained in such systems remain subject to this Order.

25.     Nothing in this Amended Protective Order shall preclude a party from applying to the Court for a further order prohibiting disclosure, to persons or entities, of documents, or those portions of documents, containing confidential information or material that have been, or will be, filed with the Court.  A copy of this Amended Protective Order shall be submitted with the lodged material.

26.     The terms of this Amended Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

27.     The provisions of this Amended Protective Order shall govern discovery and other pretrial and trial proceedings in this litigation.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Amended Protective Order by application to the Court on notice to the other parties hereto and to any non-party that has disclosed information in reliance on this Amended Protective Order, for good cause.

28.     The provisions of this Amended Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this litigation, including without limitation any appeals therefrom.  Unless the Court orders otherwise, within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, including any appeals therefrom, all persons having received information or material designated as "***Confidential***," "***Highly Confidential – Attorneys' Eyes Only***," or "***Highly Confidential – Outside Counsel's Eyes Only***" hereunder shall return such material and all copies thereof (including excerpts) to outside counsel

of record for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to outside counsel of record for the producing party. Notwithstanding the foregoing, the undersigned shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*"), provided that such outside counsel of record, and employees of such outside counsel of record, shall not disclose any such information and material designated as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph 28. Nothing in this Amended Protective Order shall be construed to require outside counsel of record for a party (or Silgan's outside counsel) to search for and/or purge "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" in its email systems, document management systems, or backup systems.

29.     If any information or material designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" hereunder is used in any court proceeding in this litigation or any appeal therefrom, then such information or material shall not lose its status as "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" through such use. Counsel for the parties shall confer on such procedures as are reasonable and appropriate to protect the

confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and they shall incorporate such procedures, as appropriate, in the pre-trial order.

30.     If a party seeks discovery from a non-party to this litigation, then the non-party may invoke the terms of this Amended Protective Order to protect the confidentiality of any material provided by the non-party.

31.     If any party (i) is subpoenaed in another litigation; (ii) is served with a demand in another litigation to which it is a party; or (iii) is served with any other legal process by one not a party to this litigation, seeking information or material that was produced or designated "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" by someone other than that party, then the party:

a)     shall give prompt actual written notice, by any permitted means of service, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*";

b)     shall furnish the producing party with a copy of said subpoena or other process or order;

c)     shall object to its production by setting forth the existence of this Amended Protective Order; and

d)     shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected.

The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Amended Protective Order to challenge or appeal any order requiring

production of information or material covered by this Amended Protective Order or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

32.     Absent written consent from the producing party, any individual who receives access to information designated as "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*" pursuant to this Order shall not be involved in the prosecution of patent applications relating to nasal drug delivery systems before any foreign or domestic patent office, including the United States Patent and Trademark Office.  For purposes of this Paragraph 32, "prosecution" includes drafting, amending, advising, assisting in drafting or amending patent claims of a patent application.  Nothing in this paragraph shall prevent individuals who have received "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" information under this Order from approving or authorizing the filing of patent applications or amendments to patent applications.  Furthermore, nothing in this paragraph shall prevent individuals who have received "*Confidential*," "*Highly Confidential – Attorneys' Eyes Only*," or "*Highly Confidential – Outside Counsel's Eyes Only*" information under this Order from participating in *inter partes* review or reexamination proceedings at the United States Patent and Trademark Office for patents related to the subject matter identified in this paragraph, so long as counsel do not participate, directly or indirectly, in amending claims in these proceedings.  This prohibition shall begin when access to "*Highly Confidential – Attorneys' Eyes Only*" or "*Highly Confidential – Outside Counsel's Eyes Only*" information is first received by the affected individual and shall end two (2) years after final termination of this litigation.

21

SO ORDERED this 5th
day of ___June___, 2026

_____
Hon. Sarah L. Cave
United States District Judge
New York, New York

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**


I, the undersigned, _____ (print or type name),

hereby acknowledge that I have received a copy of the Amended Protective Order (the "Order")

entered on _____, 202__, in the matter entitled *AptarGroup Inc et al., v. ARS*

*Pharmaceuticals, Inc. et al.,* Case No. 1:25-cv-02545-DEH-SLC, pending in the United States

District Court for the Southern District of New York.  My business/residence address is as

follows:

_____

_____


I hereby consent to personal jurisdiction over me by the Court for purposes of enforcing

the Order.  I hereby acknowledge that I have received a copy of the Order, I have read and

understand the Order, and I agree (1) to be bound by all of the provisions thereof; and (2) to submit

to the jurisdiction of the United States District Court for the Southern District of New York, or

United States Court of Appeals for the Second Circuit, for matters relating to this litigation.


_____ (signature)


Executed on the _____ day of _____, 202_, at _____.